**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3805
_____

In re:  ROMIE DAVID BISHOP and SHIRLEY ANN BISHOP,
Debtors

Romie David Bishop,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 13-cv-00958)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2014
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 21, 2014)
_____

OPINION
_____

PER CURIAM

Romie and Shirley Bishop appeal the District Court's order affirming the

Bankruptcy Court's orders which struck their notice of appeal from a judgment of the

Delaware Superior Court.  For the reasons below, we will affirm the District Court's

order.

In July 2009, CitiMortgage filed a complaint against the Bishops in the Delaware Superior Court. The Bishops subsequently filed a bankruptcy petition. In May 2012, the United States Bankruptcy Court lifted the automatic stay to allow the litigation between the Bishops and CitiMortgage to proceed in the Delaware Superior Court. After a three-day trial, the Superior Court entered a foreclosure judgment in favor of CitiMortgage. The Bishops sought to appeal the judgment of the Delaware Superior Court to the Bankruptcy Court. The Bankruptcy Court struck the notice of appeal and subsequently denied the Bishop's motion to amend the notice of appeal. It noted that it lacked jurisdiction to review rulings of the Delaware Superior Court.

The Bishops appealed the Bankruptcy Court's orders to the District Court. The District Court concluded that the Bankruptcy Court did not abuse its discretion in striking the pleading and affirmed the Bankruptcy Court's orders. The Bishops filed a notice of appeal.

We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We exercise plenary review over the District Court's legal conclusions. In re Friedman's Inc., 738 F.3d 547, 551 (3d Cir. 2013). We agree with the District Court that the Bankruptcy Court did not abuse its discretion in striking the Bishops' frivolous pleading. While the Bishops claim to have a federal due process right to appeal final orders from a state court to a federal court, they cite no authority for such a proposition. To the contrary, the Bankruptcy Court and the District Court lacked the power to review the merits of the Delaware state court proceeding. In re James, 940 F.2d 46, 52-53 (3d Cir. 1991); see also In re Knapper, 407 F.3d 573, 579-81 (3d Cir. 2005). While the Bishops argue that the First Amendment

2

allows them to "petition the Government for a redress of grievances," it does not allow them to relitigate a matter in federal court that has already been decided against them by a state court. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Baseless litigation is not immunized by the First Amendment right to petition. Bill Johnson's Rests., Inc. v. N.L.R.B., 461 U.S. 731, 743 (1983).

Appellants' argument that the Clerk's office restricts public access to the docket numbers for the purpose of creating grounds to dismiss an appeal on technical reasons is baseless. If Appellants need to refer to a docket entry, they can simply list the date the document was filed and the title of the document. Appellants' appeal of the District Court's order does not fail for technical reasons or because they are proceeding pro se; rather, their appeal is unsuccessful for the wholly substantive reasons explained above. Appellants are advised that future frivolous pleadings may result in financial sanctions and filing limitations.

For the above reasons, we will affirm the District Court's order. We have considered each argument presented in Appellants' brief, and none state a basis for undermining the District Court's decision. Appellants' motion for the notice of appeal to be construed as filed on behalf of Shirley Bishop is granted. Appellants' motion to strike and letter motion of complaint are denied.

3